THE LAW OFFICE OF
# JOSHUA M. AMBUSH, LLC
HILTON PLAZA
1726 REISTERSTOWN ROAD, SUITE 206, BALTIMORE, MARYLAND 21208
TEL: 410-484-2070 FAX: 410-484-9330

January 18, 2011

Ms. Nancy Mayer-Whittington, Clerk of the Court
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

*VIA HAND DELIVERY*

    Re:    *Saundra Flanagan et al., v. Islamic Republic of Iran et al.*,
            Civil Action No. 1:10-CV-01643-CKK
            Request for Service of Process on Defendants Islamic Republic of Iran & Iranian Political Subdivisions Pursuant to 28 U.S.C. § 1608(a)(4).

Dear Ms. Mayer-Whittington:

    In connection with the above-captioned case, I am writing to request that all necessary steps be taken to effect service pursuant to 28 U.S.C. § 1608(a)(4) on the following defendants: (1) the Islamic Republic of Iran; (2) Iranian Ministry of Intelligence and Security; (3) Iranian Islamic Revolutionary Guard Corps; and (4) Iranian Islamic Revolutionary Guard Corps-Qods Division.  For purposes of service, all of the above-listed defendants are considered either the "foreign state" of the Islamic Republic of Iran or a "political subdivision of [the] foreign state[,]" under 28 U.S.C. §1608(a).

    This is a case brought under 28 U.S.C. § 1605A against the defendants for material support of terrorism for their roles in the U.S.S. Cole bombing.  Because this case is governed by the Foreign Sovereign Immunities Act, service must be made by attempting those methods listed in 28 U.S.C. § 1608(a)(1)-(4) in the order that they are listed in the statute.  Here, however, service cannot be made under 28 U.S.C. §§ 1608(a)(1) because no special arrangement for service exists between the plaintiffs and defendants.  Nor can service be made pursuant to an applicable international convention on service of judicial documents under 28 U.S.C. 1608(a)(2), because the United States has no treaty relations with the Islamic Republic of Iran that provide for service of process in civil matters.

    There has been no attempt to serve these defendants using the procedures employed in 28 U.S.C. §1608(a)(3). Since attempts at service by mail or courier on the Islamic Republic of Iran are frequently futile, in line with the procedure suggested by this Court's *Attorney Manual for Service of Process on a Foreign Defendant,* I respectfully request service on the above-listed defendants directly through diplomatic channels as provided for under 28 U.S.C. §1608(a)(4). *See* U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, ATTORNEY MANUAL FOR SERVICE OF PROCESS ON A FOREIGN DEFENDANT (Apr. 2009) at 4 (permitting service upon Iran "directly through diplomatic channels (28 U.S.C. 1608(a)(4)) without attempting service under any other provisions first").

In such circumstances, pursuant to 28 U.S.C. §1608(a)(4), the Clerk of Court shall send two copies each of the summons, complaint, and a notice of suit with any attachments, together with a translation of each "by any form of mail requiring a signed receipt to be addressed and dispatched by the clerk of court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services[.]" The Secretary of State shall then take steps to effect service through diplomatic channels.

Pursuant to 28 U.S.C. §1608(a)(4) and 22 C.F.R. §93.2, I have enclosed for service on each defendant:

(1) two copies of the summons and complaint with accompanying translations into Farsi, the official language of the Islamic Republic of Iran;
(2) two copies of the notice of related pending civil cases with accompanying translations into Farsi, the official language of the Islamic Republic of Iran; and
(3) two copies each of the notice of suit with accompanying translations into Farsi, the official language of the Islamic Republic of Iran, with the Foreign Sovereign Immunities Act of 1976 attached.

The sets of documents have been paper clipped together for each defendant. Please take all necessary steps to dispatch the aforementioned materials to effect service on the defendants pursuant to 28 U.S.C. § 1608(a)(4). My offices spoke with Mr. William Fritzlen in the State Department's Office of Policy Review and Interagency Liaison, who recommends using the following address when dispatching the above documents to the Director of Special Consular Services:

U.S. Department of State
Office of Policy Review and Interagency Liaison
Attn: Mr. William Fritzlen
2100 Pennsylvania Avenue, NW
SA-29, Fourth Floor
Washington, D.C. 20037

Due to delays with regular mail delivery at the Department of State as a result of anthrax screening, I respectfully request that the documents be mailed by Federal Express to the above address. I have enclosed a box for the materials with a pre-addressed label bearing my Federal Express account information. If you would prefer to prepare the appropriate materials and return them to me to handle the actual mailing to the Department of State, please contact me at (410) 484-2070 when the materials are ready and I will arrange to have them picked up.

Thank you for your assistance in this matter.

Sincerely,

/s/ Joshua M. Ambush
Joshua M. Ambush

JMA/mh
Enclosures